UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sheila Pepper-Faja

       Plaintiff,                              Case No. 14-
                                              Hon.

vs.

Hartford Life Insurance Company,

       Defendant.

_____/

Serafini, Michalowski,
Derkacz & Associates, P.C.
**PATRICK DERKACZ (P48988)**
Attorney for Plaintiff
44444 Mound Road, Suite 100
Sterling Heights, MI 48314
(586) 264-3756
_____/

## PLAINTIFF'S COMPLAINT

    **NOW COMES** Plaintiff, Sheila Pepper-Faja, by and through her attorneys, Serafini, Michalowski, Derkacz & Associates, and for her Complaint against Defendant, Hartford Life Insurance Company, states to the Court as follows:

1. This is a civil complaint brought under ERISA Section 502, 29 USC 1132 regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendants to provide certain disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendants' failure to do so.

1. Plaintiff, Sheila Pepper-Faja is a resident of the City of Rochester Hills, State of Michigan who was working at Mahle Industries, Inc. at all times relevant hereto.

2. Defendant, Hartford Life Insurance Company, (hereinafter "Hartford") is domiciled in the State of Connecticut and conducts business in Wayne County, Michigan. Hartford is a fiduciary and administrator within the meaning of ERISA sec. 3(7), 402(a)(2), 29 USC 1002 (7), 1102(a)(2),with respect to the Plan.

3. At all times pertinent hereto, Plaintiff, Sheila Pepper-Faja, was employed by Mahle Industries, Inc.

4. Defendant, Hartford issued group disability insurance to Mahle Industries as an insured welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC 1001 et. seq.

5. Plaintiff, Sheila Pepper-Faja is a participant and eligible employee within the meaning of the aforementioned Hartford disability policies within the meaning of ERISA by virtue of her employment with Mahle Industries.

6. That the above plans provided income benefits for both short and long term disability.

7. Plaintiff, Sheila Pepper-Faja, developed significant medical problems that precluded her from working.

8. Plaintiff's medical disability prevented her from performing the duties required of a her occupation and she remains disabled and entitled to long term disability benefits as she is unable to work in her own or any occupation within the meaning of the aforementioned disability policy.

9. Plaintiff's treating physicians authored medical records clearly establishing Plaintiff's disability.

10. The administrative record is replete with other references of permanent restrictions acknowledged by Plaintiff's treating physicians and Defendant's own employees and agents.

11. Plaintiff, Sheila Pepper-Faja, timely appealed Defendant, Hartford's denial of Plaintiff's disability claim. Included with this appeal was additional medical documentation

12. Contrary to the overwhelming evidence, Defendant upheld its decision denying benefits. There was sufficient evidence in Hartford's file supporting her continued disability, including medical records from multiple treaters.

13. There can be no dispute over whether or not Plaintiff's treating physicians have disabled her from any occupation.

14. Defendant's decision to deny this claim is without support. The only reasonable explanation for Defendant's denial of this claim is bias, self-dealing and/or a complete absence of due process.

15. The amount in controversy is in excess of $25,000, excluding costs, interest and attorney fees and this action is otherwise within the jurisdiction of this court.

## COUNT I

### ACTION UNDER ERISA sec. 502(A)(1)(B), 29 USC 1132(a)(1)(B) TO RECOVER FULL BENEFITS

16. Plaintiff incorporates herein by reference Paragraphs 1-15 as if fully set forth herein.

17. Defendant, Hartford's denial of Plaintiff, Sheila Pepper-Faja's, claim for disability payments as described above constitutes a breach of said policy and is a direct violation of the terms of the Plan and the Employee Retirement Income Security Act of 1974, 29 USC 1001 et seq.

18. Defendant, Hartford's, actions in denying Plaintiff's employee benefits but not complying with the requirements of 29 C.F.R. sec. 2560.503-1(f-i) is in violation of

Plaintiff's procedural due process rights under ERISA and each and every one of its fiduciary duties set forth above.

19. Defendant's violation of ERISA by failing to comply with the procedural requirements of section 1133 denied a full and fair review.

20. Plaintiff is entitled to discovery and a de novo review of this claim by the Court as Defendant is not entitled to the protections concerning administrative review or the administrative record based on Defendant's failure to give appropriate notice, and Defendant's failure to complete the administrative review in a timely manner.

**WHEREFORE**, Plaintiff, Sheila Pepper-Faja , requests the following relief from this Honorable Court:

A. A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B) and 28 USC 2201, declaring Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that Hartford has violated the Plan and its fiduciary duties by failing to pay these benefits.

B. Preliminary and permanent injunctions pursuant to ERISA §502(a)(3)(B), 29 USC 1132(a)(3) and Fed. R Civ P 65, enjoining Defendant from discontinuing, reducing, limiting, or terminating the employee benefits payable to Plaintiff under the Plan.

C. A full and accurate accounting by Defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount.

  D. An order compelling defendant to pay Plaintiff the full amount due her and to continue such payments for the period set forth in the plan, including interest and unpaid benefits.

  E. Disgorgement of any profits or gain Defendant has obtained as a result of the wrongful action alleged in this complaint and equitable distribution of any profits or gain to Plaintiff.

  F. Reasonable interest, attorney fees and costs, pursuant to ERISA §502(g)(1), 29 USC 1132(g)(1).

  G. Such other relief as may be deemed just and appropriate.

        Respectfully submitted,


      By /s/ Patrick Derekacz
       PATRICK DERKACZ (P48988)
       SERAFINI, MICHALOWSKI,
       DERKACZ & ASSOCIATES, P.C.
       Attorney for Plaintiff
       44444 Mound Road, Suite 100
       Sterling Heights, MI 48314
       (586) 264-3756

DATED: September 30, 2014